**UNITED STATES of America,
Appellee,**

v.

**Scott MILLAR, Defendant–Appellant.**

No. 04–1492.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2004.

Timothy W. Hoover, Assistant Federal Defender for the Western District of New York, Buffalo, NY, for Appellant.

Stephan A. Baczynski, Assistant United States Attorney for the Western District of New York (Michael A. Battle, United States Attorney, Marie P. Grisanti, Assistant United States Attorney), Buffalo, NY, for Appellee.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

The appellant, Scott Millar, pleaded guilty to one count of "knowingly possessing materials that contained images of child pornography that had been transported in interstate commerce by computer via the internet," and was sentenced to twenty-seven months in prison and three years of supervised release. He challenges the conditions of his supervised release, which include the monitoring of his computer use.

By letter dated Oct. 5, 2004, Millar's counsel effectively conceded that this Court's recent decision in *United States v. Balon*, 384 F.3d 38 (2d Cir.2004), is dispositive of this appeal. In *Balon*, this Court affirmed a computer-monitoring condition insofar as it required Balon to provide the probation office with advance notice of any computers he intended to use during the term of supervision. *Id.* at 42–43. The Court further concluded that, given the rapidly evolving nature of technology, it could not evaluate until a time closer to Balon's release the degree to which any residual privacy interest he might retain while on supervised release might be impinged upon by the computer monitoring condition. *See id.* at 44–46. The Court therefore instructed the district court at Balon's request to take up at a time closer to his release the question whether a more circumscribed approach to monitoring Balon's computer use would be practicable. *Id.* at 47.

For the reasons elaborated in *Balon*, the judgment of the district court is therefore hereby AFFIRMED, but those portions of the appeal relating to the monitoring of Millar's computer use are dismissed for lack of ripeness. The district court is directed to reconsider the conditions of Millar's supervision pursuant to 18 U.S.C. § 3583(e) on his motion at a time substantially closer to his release.