17-1320
*United States v. Randazzo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand nineteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>     *Circuit Judges*.

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                                   17-1320

ALBERTO RANDAZZO,

        *Defendant-Appellant*.[*]

| | |
|---|---|
| For Appellee: | SUSAN CORKERY, Tyler J. Smith, Assistant U.S. Attorneys, *for* Richard P. Donaghue, U.S. Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | RANDOLPH Z. VOLKELL, Merrick, NY. |

---

[*] The Clerk of Court is respectfully requested to amend the official caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as unripe for review.

Defendant-Appellant Alberto Randazzo ("Randazzo") appeals from an April 26, 2017 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*), convicting Randazzo of two counts of conspiracy to sexually exploit a child and one count of receiving child pornography, and sentencing him to twenty-eight years' imprisonment, eight years' supervised release, and a $300 special assessment. Among other conduct, Randazzo met women through social-media websites and persuaded them to perform simulated or actual sex acts on their minor children while recording the sexual abuse in photographs and videos. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Randazzo challenges as unduly restrictive three of the special conditions imposed as part of his supervised-release term. Those special conditions, which would take effect when Randazzo is released from prison in over two decades, read as follows:

> [Special condition] 7. . . . The defendant shall . . . cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense.

> [Special condition] 8. The defendant may not access any website that permits persons under the age of 18 to be registered users for the purposes of establishing personal relationships with other users; allow[s] minors to post profiles that provide information about themselves; or allows for direct or real time communication with other users.

> [Special condition] 10. The defendant will not purchase or possess photographic or video equipment, without the prior knowledge and permission of the U.S. Probation Department.

2

A-5. We conclude that none of Randazzo's challenges to these conditions are ripe for review, and thus we need not—and should not—at this juncture take a position on whether the conditions are unduly restrictive.

A challenge is ripe if "(1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties." *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004) (quoting *United States v. Quinones*, 313 F.3d 49, 58 (2d Cir. 2002)). As to the first prong, we have previously held that where "the necessity" of a special condition is "essentially a question of technology," and a defendant will not begin a term of supervised release for a number of years, the challenge to the special condition is not fit for judicial consideration, because "constantly and rapidly changing" technology makes it impossible to evaluate the condition's necessity before the condition takes effect. *See id.* at 46–47. Here, all three of the challenged conditions involve rapidly changing technology, and whether any of the conditions unnecessarily deprive Randazzo of liberty will turn on what technology is available in more than two decades. Therefore, Randazzo's challenges to those conditions are not fit for judicial consideration at this time. As to the second ripeness prong, we have held that a defendant suffers no hardship from our withholding consideration where he or she will have an opportunity to challenge the special conditions at a later date. *Id.* Here, the special conditions can be challenged at a later date through a proceeding under Section 3583(e)(2). *See id.*

For these reasons, neither ripeness prong is met. As a result, Randazzo's challenges to special conditions 7, 8, and 10 are not ripe. *Cf. United States v. Millar*, 111 F. App'x 644, 645 (2d Cir. 2004) (dismissing challenge to special condition relating to computer monitoring as unripe under *Balon*).

\*     \*     \*

3

We have considered Randazzo's remaining arguments and find them to be without merit. Accordingly, we dismiss the appeal. Special conditions 7, 8, and 10 are to be reconsidered by the district court at the instance of Randazzo or the government under 18 U.S.C. § 3853(e) at a time closer to Randazzo's supervised release date.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4